HUME AND LIECHTY VETERINARY ASSOCIATES, Plaintiff, v. SHELDON HODES, Defendant and Counterplaintiff-Appellant (Hume and Liechty Veterinary Associates *et al.*, Counterdefendants-Appellees).

First District (1st Division)    No. 1—92—3506

Opinion filed February 14, 1994.—Rehearing denied April 11, 1994.

Leonard D. Litwin, of Chicago, for appellant.

Schoen & Smith, Ltd., of Chicago (Randall L. Smith, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Counterplaintiff, Sheldon Hodes, used to be the owner of a horse named Iron Faye. He entered Iron Faye in a $7,500 "claiming" race to be run on November 25, 1990, at Hawthorne Race Track. In conjunction with his ownership of the horse, Hodes hired a trainer, Monique Swartz, who in turn hired counterdefendants, Hume & Liechty Veterinary Associates (Hume & Liechty), to provide veterinary services for the horse. Iron Faye was claimed after the November 25 race by counterdefendant, David C. Kassen. Kassen sold the horse to counterdefendant Dan C. Muckler.

Sometime after the race, Hume & Liechty presented Hodes with a bill for services rendered, and Hodes refused to pay. Hume & Liechty filed this lawsuit against Hodes seeking satisfaction of the bill. Hodes filed a counterclaim, now the subject of this appeal, alleging a civil conspiracy by Hume & Liechty, Kassen, and Muckler. In the counterclaim, amended after being once stricken by the trial judge for legal insufficiency, Hodes alleged that after examining Iron Faye prior to the claiming race, Hume & Liechty discovered that the horse suffered from some illness, not specified by Hodes, and was not, under Illinois law, in racing condition. However, the veterinarians, in violation of a fiduciary duty to Hodes, did not inform him or Swartz of the horse's illness prior to the claiming race. Therefore, Hodes was unable to withdraw Iron Faye from the race.

According to the counterclaim, the reason Hume & Liechty concealed Iron Faye's condition from Hodes was that, as a result of its contact with the horse, Hume & Liechty discovered that it was more valuable than $7,500. Although not alleging any financial motivation for its doing so, Hodes contended that Hume & Liechty informed Kassen and Muckler of Iron Faye's condition and of the horse's purported value in excess of $7,500. Hodes did not allege the true

value of Iron Faye; however, he claimed $15,000 in damages as a result of the conspiracy.

Defendants moved to dismiss the amended counterclaim pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), on the ground that it failed to state a claim for conspiracy. The trial court granted the motion and dismissed the amended counterclaim with prejudice, stating that "there is no way under these circumstances to allege a duty under the conspiracy theory." Hodes appeals.

Hodes claims that the trial court erred in striking his conspiracy claim. In reviewing the granting of a motion to dismiss, the court deems admitted all well-pleaded facts. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 505, 565 N.E.2d 654.) However, conclusions of law or allegations of fact which are unsupported by the specific allegations in the complaint are not so treated. (*Burdinie*, 139 Ill. 2d at 505; *Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc.* (1992), 229 Ill. App. 3d 119, 123, 593 N.E.2d 872.) The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. Rather, the factual allegations of a complaint, when viewed in a light most favorable to the plaintiff, must sufficiently satisfy the legal elements of conspiracy. See *Burdinie*, 139 Ill. 2d at 505.

■ In order to state a claim of civil conspiracy, a plaintiff must allege a combination of two or more persons for the purpose of accomplishing by concerted action either a lawful purpose by unlawful means or an unlawful purpose by lawful means. (*Smith v. Eli Lilly & Co.* (1990), 137 Ill. 2d 222, 235, 560 N.E.2d 324.) A "concert of action" occurs when a tortious act is committed with another or pursuant to a common design or when one party renders substantial assistance to another knowing that the other's conduct constitutes a breach of duty. (*Smith*, 137 Ill. 2d at 235.) Hodes alleges the latter type of conspiracy. He alleges that Hume & Liechty owed him a fiduciary duty to report Iron Faye's illness to him so he could pull the horse from the claiming race. Furthermore, Hodes alleges that Hume & Liechty revealed the horse's ill health, not to him, but to defendants Kassen and Muckler. Finally, Hodes alleges that Hume & Liechty advised the other defendants that Iron Faye was worth more than the $7,500 claiming price of the November 25, 1990, race. Thus, according to Hodes, the defendants used illegal means to achieve the lawful purpose of claiming the horse after the race.

■ However, the bare allegation of the existence of a conspiracy does not constitute an actionable wrong upon which liability for damages may be found. (*Langer v. Becker* (1988), 176 Ill. App. 3d 745, 754, 531 N.E.2d 830, *appeal denied* (1989), 125 Ill. 2d 566, 537 N.E.2d 810.)

Rather, the underlying act must constitute wrongful or tortious conduct. (*Langer*, 176 Ill. App. 3d at 754-55.) Here, the alleged wrongful conduct is a breach of fiduciary duty by Hume & Liechty. That breach of duty would apparently be its failure to inform Hodes that Iron Faye was ill. Yet, Hodes fails to allege that this breach of duty was done in concert with defendants Kassen and Muckler, that is to say, that Kassen or Muckler rendered substantial assistance to Hume & Liechty knowing that its conduct was wrongful. Indeed, the nexus between Hume & Liechty and Kassen and Muckler is nowhere alleged in the complaint. Absent such factual allegations, any conspiracy claim must fail.

■ As to Hume & Liechty's revealing the increased value of the horse to Kassen and Muckler, Hodes neither alleged in his amended counterclaim nor demonstrated on appeal how this constitutes the breach of a fiduciary duty. Hodes' trainer hired Hume & Liechty to provide veterinary services. It is not an appraiser of horses. Thus, it owed no duty to Hodes regarding the value of Iron Faye.

At base, Hodes should know the value of his own horse. He entered Iron Faye in a $7,500 race. If the horse was worth more, he should have entered it in a more expensive race. Yet, Hodes did not even allege what the actual value of the horse was or how much Muckler paid for it. Furthermore, Hume & Liechty had no duty to inform Hodes that his horse was worth more than he thought it was worth. Finally, Hodes cites no authority, and we are aware of none, which would restrain Hume & Liechty from informing someone that it believed Iron Faye was a valuable horse. Thus, Hodes' allegation of the breach of a fiduciary duty also must fail.

Nonetheless, Hodes challenges the trial court's dismissal of the amended countercomplaint with prejudice. A litigant does not have an absolute right to amend under section 2—615, and we will not disturb a trial court's decision dismissing a complaint with prejudice absent an abuse of discretion. (*Capitol Indemnity*, 229 Ill. App. 3d at 127.) In exercising its discretion, the trial court may consider "the ultimate efficacy of the claim and whether plaintiff had prior opportunities to amend." (*Capitol Indemnity*, 229 Ill. App. 3d at 127.) Here, Hodes' amended countercomplaint was, in substance, identical to his initial effort. Nor did counsel's presentation before this court persuade that Hodes can allege any set of facts upon which any of his purported claims could be sustained.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.