JACK L. BUCKNER, Plaintiff-Appellant, v. JAMES L. O'BRIEN, Defendant-Appellee (Atlantic Plant Maintenance, Inc., *et al.*, Defendants).

First District (5th Division) No. 1—96—0248

Opinion filed March 14, 1997.—Rehearing denied April 16, 1997.

Edward L. Osowski, of Chicago, for appellant.

Gary W. Bozick and Todd M. Hanson, both of Hoffman, Burke & Bozick, of Chicago, for appellee.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Jack L. Buckner, filed a four-count complaint against defendants, Atlantic Plant Maintenance, Inc. (Atlantic), Sedgwick James of Illinois, Inc. (Sedgwick), Patrick J. Holden (Holden) and James L. O'Brien (O'Brien), alleging retaliatory discharge for his pursuit of a workers' compensation claim and civil conspiracy arising out of the same conduct. Plaintiff appeals the dismissal of his claim against O'Brien.

The operative portions of plaintiff's amended complaint directed at defendant O'Brien state as follows: In count I, plaintiff alleges that O'Brien formed the deliberate design and purpose of terminating plaintiff, and that plaintiff was wrongfully discharged in retaliation for his intention to pursue and his pursuit of a workers' compensation claim, in violation of public policy. In count II, plaintiff alleges that the acts, practices and course of conduct of O'Brien were willful and wanton and contrary to the public policy. In count III, plaintiff alleges that defendants Sedgwick and Holden joined with defendants Atlantic and O'Brien in an unauthorized and unlawful conspiracy to deny plaintiff workers' compensation benefits.

O'Brien filed a motion to dismiss plaintiff's complaint under sec-

tion 2—619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)). Attached to the motion as exhibit B was the affidavit of O'Brien, which stated that plaintiff was not his employee, that he did not work for plaintiff's employer, Atlantic, except as an independent consultant, and that he had no authority to hire or discharge Atlantic's employees.

In his response to O'Brien's motion, plaintiff attached his own affidavit as exhibit A and the affidavit of his attorney as exhibit B. The affidavit of plaintiff stated, in relevant part, that O'Brien worked out of Atlantic's office at his jobsite, supervised all of the safety for Atlantic, gave weekly safety lectures, and on several occasions drove plaintiff to see physicians for his work-related injury. The affidavit of plaintiff's attorney stated, in relevant part, that plaintiff's medical records contained a letter to plaintiff's doctor from James L. O'Brien, safety supervisor, Atlantic Plant Maintenance, and that he believes discovery in this cause will show that O'Brien had the authority to terminate employees of Atlantic and may in fact have been employed by Atlantic.

Following a hearing on O'Brien's motion, plaintiff moved for leave to amend his complaint to add O'Brien to count III, which alleged a civil conspiracy. The circuit court granted plaintiff's motion but also granted O'Brien's motion to dismiss that amended complaint. Plaintiff appeals.

## OPINION

■ Section 2—619 motions involve claims that the challenged pleading and action must be dismissed by virtue of affirmative matters that entirely avoid the effect of or defeat the cause of action under scrutiny. *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912, 611 N.E.2d 619 (1993). If the "affirmative matter" is not apparent on the face of the complaint, defendant must submit affidavits in support of the motion. The affirmative matter presented in the affidavits must be more than just evidence that refutes a well-pled fact of the complaint. *Griffin v. Universal Casualty Co.*, 274 Ill. App. 3d 1056, 1063, 654 N.E.2d 694 (1995), citing *Chicago Title & Trust Co. v. Weiss*, 238 Ill. App. 3d 921, 605 N.E.2d 1092 (1992).

■ For purposes of the motion to dismiss, all well-pleaded facts in the complaint and reasonable inferences therefrom are taken as true, and the motion should not be granted unless these facts fail to state a cause of action. *Griffin*, 274 Ill. App. 3d 1056, 654 N.E.2d 694. Conclusions of law and conclusions of fact unsupported by specific factual allegations are not taken as true. *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University*, 248

Ill. App. 3d 599, 18 N.E.2d 694 (1993). On appeal, the reviewing court does not defer to the circuit court's ruling and considers the issue *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 619 N.E.2d 732 (1993).

In his attached affidavit, O'Brien stated in relevant part:

"1. I am the Executive Vice President for Consulting Services of Frankfort, Illinois, Inc.

2. In my capacity as Executive Vice President, I have access to the employment records of Consulting Services of Frankfort, Illinois, Inc.

3. Jack L. Buckner, the plaintiff in the above matter was not a servant or employee of Consulting Services of Frankfort, Illinois, Inc., in October of 1993.

4. In October of 1993, I was not an employee of Atlantic Plant Maintenance, Inc.

5. In October of 1993, I performed consulting services for Atlantic Plant Maintenance, Inc., regarding work place safety.

6. As an independent consultant, I had no authority to hire or discharge employees or prospective employees of Atlantic Plant Maintenance, Inc., in October of 1993."

■ Plaintiff contends that section 2—619 motions should not be used to attack the factual basis of the claim itself, that such an attack should be by way of summary judgment motion pursuant to section 2—1005. Plaintiff did not raise this contention in his written response to O'Brien's motion to dismiss, and it was not raised before the motion judge at the hearing. A party may not raise an issue on appeal that was not raised in the trial court. *Foster v. Plaut*, 252 Ill. App. 3d 692, 625 N.E.2d 198 (1993). As a result, the issue relating to plaintiff's second contention has been waived.

Absent a waiver, the information contained in O'Brien's affidavit did not merely refute an ultimate fact alleged in plaintiff's amended complaint. Instead, plaintiff's allegations directed at O'Brien in counts I and II were negated and defeated by the affirmative matter that O'Brien was not plaintiff's employer and had no authority to hire or discharge plaintiff. This affirmative matter defeats plaintiff's claim because a discharged employee bringing a retaliatory discharge action cannot name his individual supervisors as defendants, as the individual's employer is the proper party defendant. *Morton v. Hartigan,* 145 Ill. App. 3d 417, 495 N.E.2d 1159 (1986).

When grounds for dismissal do not appear on the face of pleadings but are established by affidavits or depositions, defendant may contest the complaint through either a motion for an involuntary dismissal based upon certain defects or defenses, or in a motion for summary judgment. *Wood v. Village of Grayslake*, 229 Ill. App. 3d 343,

593 N.E.2d 132 (1992). In the present case, O'Brien's election to contest plaintiff's amended complaint through a section 2—619 motion for involuntary dismissal of plaintiff's complaint, rather than a section 2—1005 motion for summary judgment, was proper.

Plaintiff also contends that, having proceeded by means of a section 2—619 motion, O'Brien has admitted both the truth of the facts alleged in support of the motion and the legal sufficiency of the claim. A section 2—619 motion admits both the truth of the facts alleged in support of the claim and the legal sufficiency of the claim, but it also raises affirmative matters that it asserts defeat the claim. As to those affirmative matters, there is no admission of either truth or sufficiency. *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 603 N.E.2d 1215 (1992).

■ Plaintiff further argues that an action for retaliatory discharge can be maintained against an agent, servant or employee of an employer when that person allegedly acted to discharge the employee and had the ability and authority to do so. In support of his argument, plaintiff cites the Restatement of the Law of Agency:

"§ 217 B. Joinder of Principal and Agent.

(1) Principal and agent can be joined in an action for a wrong resulting from the tortious conduct of an agent or that of an agent and principal, and a judgment can be rendered against each." Restatement (Second) of Agency § 217B, at 472 (1958).

While it is well recognized under agency law that an officer-agent of a corporate principal is liable for his own tortious acts, and also may be liable for torts of the corporation in which the officers have personally participated (*National Acceptance Co. of America v. Pintura Corp.*, 94 Ill. App. 3d 703, 418 N.E.2d 1114 (1981)), the tort of retaliatory discharge is distinguishable from such cases.

■ The supreme court first recognized a cause of action for retaliatory discharge in *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 384 N.E.2d 353 (1978). The tort of retaliatory discharge is a narrow cause of action that is recognized as an exception to the general rule that an employer may discharge an at-will employee for any reason or for no reason. *Howard v. Zack Co.*, 264 Ill. App. 3d 1012, 637 N.E.2d 1183 (1994). A plaintiff states a valid claim for retaliatory discharge only if he alleges that he was (1) discharged; (2) in retaliation for his activities; and (3) that the discharge violated a clear mandate of public policy. *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 645 N.E.2d 877 (1994), citing *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 529, 519 N.E.2d 909 (1988).

■ A retaliatory discharge action may only be brought against the plaintiff's former employer, not against his or her former supervi-

sors. *Morton v. Hartigan*, 145 Ill. App. 3d 417, 495 N.E.2d 1159 (1986); *Motsch v. Pine Roofing Co.*, 178 Ill. App. 3d 169, 533 N.E.2d 1 (1988); *Balla v. Gambro, Inc.*, 203 Ill. App. 3d 57, 560 N.E.2d 1043 (1990).

Plaintiff attempts to distinguish the *Morton* decision by asserting that the actual holding in *Morton* is grounded in the doctrine of sovereign immunity. We disagree. The *Morton* court refused to expand the tort of retaliatory discharge to allow claims against supervisors, basing its decision on the supreme court's admonition against expanding the retaliatory discharge tort in *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 525, 478 N.E.2d 1354, 1356 (1985). In *Barr*, our supreme court stated:

> "[T]his court has not, by its *Palmateer* and *Kelsay* decisions, 'rejected a narrow interpretation of the retaliatory discharge tort' and does not 'strongly support' the expansion of the tort." 106 Ill. 2d at 525, 478 N.E.2d at 1356.

The court also held that even if plaintiff could state a claim of retaliatory discharge, defendant properly invoked the affirmative defense of sovereign immunity to plaintiff's claim. However, *Morton*'s actual holding was grounded in the court's refusal to expand the tort of retaliatory discharge and not on the doctrine of sovereign immunity.

Plaintiff cites two cases, *Fellhauer v. City of Geneva*, 190 Ill. App. 3d 592, 602, 546 N.E.2d 791, 797 (1989), *rev'd on other grounds,* 142 Ill. 2d 495, 568 N.E.2d 870 (1991), and *Bragado v. Cherry Electrical Products Corp.*, 191 Ill. App. 3d 136, 547 N.E.2d 643 (1989), which have allowed plaintiffs to bring retaliatory discharge causes of action against their former supervisors individually. These cases are not binding on this court and we decline to follow their holdings. This court, beginning with its *Morton* decision, has consistently held that plaintiffs may not bring retaliatory discharge causes of action against their former supervisors individually. The court's reasoning was that no Illinois court had held that anyone other than an individual's employer was a proper party defendant in a retaliatory discharge action. Considering this, and the supreme court's admonition against expanding the retaliatory discharge tort in *Barr*, this court refused to expand the tort of retaliatory discharge.

As such, the only proper party defendant in plaintiff's retaliatory discharge action is his former employer, Atlantic. Accordingly, plaintiff cannot state a cause of action for retaliatory discharge against O'Brien and the circuit court properly dismissed counts I and II of plaintiff's amended complaint as directed toward this defendant.

■ Finally, plaintiff contends that civil conspiracy is a separate and distinct cause of action and that an action against O'Brien based

on an alleged civil conspiracy may be maintained. The supreme court has stated that "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62, 645 N.E.2d 888, 894 (1994). To state a cause of action for conspiracy, a plaintiff must allege not only that one of the conspirators committed an overt act in furtherance of the conspiracy, but also that such act was tortious or unlawful in character. *Adcock*, 164 Ill. 2d at 63, 645 N.E.2d at 894. A "concert of action" occurs when a tortious act is committed with another or pursuant to a common design or when one party renders substantial assistance to another knowing that the other's conduct constitutes a breach of duty. *Hume & Liechty Veterinary Associates v. Hodes*, 259 Ill. App. 3d 367, 632 N.E.2d 46 (1994).

 Plaintiff alleges that defendants O'Brien and Atlantic formed the deliberate design and purpose of terminating his employment; that he was wrongfully discharged in retaliation for pursuing a workers' compensation claim; and that defendants Sedgwick and Holden joined with defendants O'Brien and Atlantic to deny plaintiff Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)) benefits by falsely informing plaintiff that he would receive no benefits because he failed to show up for light duty work at Atlantic and "unilaterally elected to keep himself off the job." Finally, plaintiff alleges that, by reason of the aforementioned, plaintiff has sustained great financial injury.

This is not enough to withstand O'Brien's section 2—619 motion to dismiss, and the circuit court properly dismissed count III of plaintiff's amended complaint. An actionable wrong cannot be made out by characterizing acts as wrongfully done. *Salaymeh v. Interqual, Inc.*, 155 Ill. App. 3d 1040, 1044, 508 N.E.2d 1155, 1158 (1987). Furthermore, the mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. Rather, the factual allegations of a complaint, when viewed in a light most favorable to the plaintiff, must sufficiently satisfy the legal elements of a conspiracy. *Hume*, 259 Ill. App. 3d at 369, 632 N.E.2d at 48.

The allegations, when viewed in a light most favorable to plaintiff, do not sufficiently satisfy the legal elements of a civil conspiracy. Sufficient facts are not set forth in the amended complaint to establish whether O'Brien had the authority to terminate plaintiff, O'Brien personally terminated plaintiff, or whether the alleged wrongful acts of defendants O'Brien, Atlantic, Sedgwick and Holden did result from some concerted action.

Here, plaintiff's allegations of a civil conspiracy did not state

facts upon which the allegations were based, but were merely conclusions that O'Brien terminated plaintiff and joined with Atlantic, Sedgwick and Holden to deny plaintiff his benefits under the Workers' Compensation Act. Plaintiff has not alleged the ultimate facts necessary to support a legally cognizable claim for civil conspiracy as to O'Brien. Therefore, the order of the circuit court of Cook County dismissing counts I, II and III of plaintiff's amended complaint as directed toward O'Brien is affirmed.

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.