FIFTH DIVISION
 March 14, 1997

No. 1-96-0248

JACK L. BUCKNER, ) 
 ) 
 Plaintiff-Appellant, ) Appeal from the
 ) Circuit Court
 v. ) of Cook County.
 ) 
JAMES L. O'BRIEN, ) 
 )
 Defendant-Appellee, ) 
 ) 
 and ) 
 ) Honorable
ATLANTIC PLANT MAINTENANCE, INC., ) Willard J. Lassers,
SEDGWICK JAMES OF ILLINOIS, INC., ) Judge Presiding. 
and PATRICK J. HOLDEN, )
 )
 Defendants. ) 

 JUSTICE SOUTH delivered the opinion of the court:

 Plaintiff, Jack L. Buckner, filed a four-count complaint
against defendants, Atlantic Plant Maintenance, Inc. (Atlantic),
Sedgwick James of Illinois, Inc. (Sedgwick), Patrick J. Holden
(Holden) and James L. O'Brien (O'Brien), alleging retaliatory
discharge for his pursuit of a workers' compensation claim and
civil conspiracy arising out of the same conduct. Plaintiff
appeals the dismissal of his claim against O'Brien. 
 The operative portions of plaintiff's amended complaint
directed at defendant O'Brien state as follows: In count I,
plaintiff alleges that O'Brien formed the deliberate design and
purpose of terminating plaintiff, and that plaintiff was
wrongfully discharged in retaliation for his intention to pursue
and his pursuit of a workers' compensation claim, in violation of
public policy. In count II, plaintiff alleges that the acts,
practices and course of conduct of O'Brien were willful and
wanton and contrary to the public policy. In count III,
plaintiff alleges that defendants Sedgwick and Holden joined with
defendants Atlantic and O'Brien in an unauthorized and unlawful
conspiracy to deny plaintiff workers' compensation benefits. 
 O'Brien filed a motion to dismiss plaintiff's complaint
under section 2-619(a)(1) of the Code of Civil Procedure (735
ILCS 5/2-619 (West 1994)). Attached to the motion as exhibit "B"
was the affidavit of O'Brien, which stated that plaintiff was not
his employee, that he did not work for plaintiff's employer,
Atlantic, except as an independent consultant, and that he had no
authority to hire or discharge Atlantic's employees. 
 In his response to O'Brien's motion, plaintiff attached his
own affidavit as exhibit "A" and the affidavit of his attorney as
exhibit "B". The affidavit of plaintiff stated, in relevant
part, that O'Brien worked out of Atlantic's office at his
jobsite, supervised all of the safety for Atlantic, gave weekly
safety lectures, and on several occasions drove plaintiff to see
physicians for his work-related injury. The affidavit of
plaintiff's attorney stated, in relevant part, that plaintiff's
medical records contained a letter to plaintiff's doctor from
James L. O'Brien, Safety Supervisor, Atlantic Plant Maintenance,
and that he believes discovery in this cause will show that
O'Brien had the authority to terminate employees of Atlantic and
may in fact have been employed by Atlantic. 
 Following a hearing on O'Brien's motion, plaintiff moved for
leave to amend his complaint to add O'Brien to count III, which
alleged a civil conspiracy. The circuit court granted
plaintiff's motion, but also granted O'Brien's motion to dismiss
that amended complaint. Plaintiff appeals. 
 OPINION
 Section 2-619 motions involve claims that the challenged
pleading and action must be dismissed by virtue of affirmative
matters that entirely avoid the effect of or defeat the cause of
action under scrutiny. A.F.P. Enterprises, Inc. v. Crescent
Pork, Inc., 243 Ill. App. 3d 905, 912, 611 N.E.2d 619 (1993). If
the "affirmative matter" is not apparent on the face of the
complaint, defendant must submit affidavits in support of the
motion. The affirmative matter presented in the affidavits must
be more than just evidence that refutes a well-pled fact of the
complaint. Griffin v. Universal Casualty Co., 274 Ill. App. 3d
1056, 654 N.E.2d 694 (1995), citing Chicago Title & Trust Co. v.
Weiss, 238 Ill. App. 3d 921, 605 N.E.2d 1092 (1992). 
 For purposes of the motion to dismiss, all well-pleaded
facts in the complaint and reasonable inferences therefrom are
taken as true, and the motion should not be granted unless these
facts fail to state a cause of action. Griffin, 274 Ill. App. 3d
1056, 654 N.E.2d 694. Conclusions of law and conclusions of fact
unsupported by specific factual allegations are not taken as
true. Management Ass'n of Illinois, Inc. v. Board of Regents of
Northern Illinois University, 248 Ill. App. 3d 599, 18 N.E.2d 694
(1993). On appeal, the reviewing court does not defer to the
circuit court's ruling and considers the issue de novo. Kedzie &
103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 619
N.E.2d 732 (1993). 
 In his attached affidavit, O'Brien stated in relevant part:
 "1. I am the Executive Vice President for Consulting 
 Services of Frankfort, Illinois, Inc.

 2. In my capacity as Executive Vice President, I have 
 access to the employment records of Consulting 
 Services of Frankfort, Illinois, Inc.
 
 3. Jack L. Buckner, the plaintiff in the above matter
 was not a servant or employee of Consulting
 Services of Frankfort, Illinois, Inc., in October
 of 1993.

 4. In October of 1993, I was not an employee of
 Atlantic Plant Maintenance Inc.
 
 5. In October of 1993, I performed consulting
 services for Atlantic Plant Maintenance, Inc.,
 regarding work place safety.

 6. As an independent consultant, I had no authority
 to hire or discharge employees or prospective
 employees of Atlantic Plant Maintenance, Inc., in
 October of 1993."
 Plaintiff contends that section 2-619 motions should not be
used to attack the factual basis of the claim itself, that such
an attack should be by way of summary judgment motion pursuant to
section 2-1005. Plaintiff did not raise this contention in his
written response to O'Brien's motion to dismiss, and it was not
raised before the motion judge at the hearing. A party may not
raise an issue on appeal that was not raised in the trial court. 
Foster v. Plaut, 252 Ill. App. 3d 692, 625 N.E.2d 198 (1993). As
a result, the issue relating to plaintiff's second contention has
been waived. 
 Absent a waiver, the information contained in O'Brien's
affidavit did not merely refute an ultimate fact alleged in
plaintiff's amended complaint. Instead, plaintiff's allegations
directed at O'Brien in counts I and II were negated and defeated
by the affirmative matter that O'Brien was not plaintiff's
employer and had no authority to hire or discharge plaintiff. 
This affirmative matter defeats plaintiff's claim because a
discharged employee bringing a retaliatory discharge action
cannot name his individual supervisors as defendants, as the
individual's employer is the proper party defendant. Morton v.
Hartigan, 145 Ill. App. 3d 417, 495 N.E.2d 1159 (1986). 
 When grounds for dismissal do not appear on the face of
pleadings but are established by affidavits or depositions,
defendant may contest the complaint through either a motion for
an involuntary dismissal based upon certain defects or defenses,
or in a motion for summary judgment. Wood v. Village of
Grayslake, 229 Ill. App. 3d 343, 593 N.E.2d 132 (1992). In the
present case, O'Brien's election to contest plaintiff's amended
complaint through a section 2-619 motion for involuntary
dismissal of plaintiff's complaint, rather than a section 2-1005
motion for summary judgment, was proper.
 Plaintiff also contends that, having proceeded by means of a
section 2-619 motion, O'Brien has admitted both the truth of the
facts alleged in support of the motion and the legal sufficiency
of the claim. A section 2-619 motion admits both the truth of
the facts alleged in support of the claim and the legal
sufficiency of the claim, but it also raises affirmative matters
which it asserts defeat the claim. As to those affirmative
matters, there is no admission of either truth or sufficiency. 
Barber- Colman Co. v. A & K Midwest Insulation Co., 236 Ill. App.
3d 1065, 603 N.E.2d 1215 (1992). 
 Plaintiff further argues that an action for retaliatory
discharge can be maintained against an agent, servant or employee
of an employer when that person allegedly acted to discharge the
employee and had the ability and authority to do so. In support
of his argument, plaintiff cites the Restatement of the Law of
Agency:
 "217 B. Joinder of Principal and Agent.
 (1) Principal and agent can be joined in an action
 for a wrong resulting from the tortious conduct of
 an agent or that of an agent and principal, and a
 judgment can be rendered against each."
 Restatement (Second) of Agency  217B, at 472
 (1958).
While it is well recognized under agency law that an officer-
agent of a corporate principal is liable for his own tortious
acts, and also may be liable for torts of the corporation in
which the officers have personally participated (National
Acceptance Co. of America v. Pintura Corp., 94 Ill. App. 3d 703,
418 N.E.2d 1114 (1981)), the tort of retaliatory discharge is
distinguishable from such cases.
 The supreme court first recognized a cause of action for
retaliatory discharge in Kelsay v. Motorola, Inc., 74 Ill. 2d
172, 384 N.E.2d 353 (1978). The tort of retaliatory discharge is
a narrow cause of action that is recognized as an exception to
the general rule that an employer may discharge an at-will
employee for any reason or for no reason. Howard v. Zack Co.,
264 Ill. App. 3d 1012, 637 N.E.2d 1183 (1994). A plaintiff
states a valid claim for retaliatory discharge only if he alleges
that he was (1) discharged; (2) in retaliation for his
activities; and (3) that the discharge violated a clear mandate
of public policy. Zimmerman v. Buchheit of Sparta, Inc., 164
Ill. 2d 29, 645 N.E.2d 877 (1994), citing Hinthorn v. Roland's of
Bloomington, Inc., 119 Ill. 2d 526, 529, 519 N.E.2d 909 (1988). 
 A retaliatory discharge action may only be brought against
the plaintiff's former employer, not against his or her former
supervisors. Morton v. Hartigan, 145 Ill. App. 3d 417, 495
N.E.2d 1159 (1986); Motsch v. Pine Roofing Co., 178 Ill. App. 3d
169, 533 N.E.2d 1 (1988); Balla v. Gambro, Inc., 203 Ill. App. 3d
57, 560 N.E.2d 1043 (1990). 
 Plaintiff attempts to distinguish the Morton decision by
asserting that the actual holding in Morton is grounded in the
doctrine of sovereign immunity. We disagree. The Morton court
refused to expand the tort of retaliatory discharge to allow
claims against supervisors, basing its decision on the supreme
court's admonition against expanding the retaliatory discharge
tort in Barr v. Kelso-Burnett Co., 106 Ill. 2d 520, 525, 478
N.E.2d 1354, 1356 (1985). In Barr, our supreme court stated:
 "[T]his court has not, by its Palmateer and
 Kelsay decisions, 'rejected a narrow
 interpretation of the retaliatory discharge
 tort' and does not 'strongly support' the
 expansion of the tort." 106 Ill. 2d at 525,
 478 N.E.2d at 1356.
 The court also held that even if plaintiff could state a
claim of retaliatory discharge, defendant properly invoked the
affirmative defense of sovereign immunity to plaintiff's claim.
However, Morton's actual holding was grounded in the court's
refusal to expand the tort of retaliatory discharge, and not on
the doctrine of sovereign immunity. 
 Plaintiff cites two cases, Fellhauer v. City of Geneva,
190 Ill. App. 3d 592, 602, 546 N.E.2d 791, 797 (1989) and
Bragado v. Cherry Electrical Products Corp., 191 Ill. App. 3d
136, 547 N.E.2d 643 (1989), rev'd on other grounds, 142 Ill. 2d
495, 568 N.E.2d 870 (1991), which have allowed plaintiffs to
bring retaliatory discharge causes of action against their former
supervisors individually. These cases are not binding on this
court and we decline to follow their holdings. This court,
beginning with its Morton decision, has consistently held that
plaintiffs may not bring retaliatory discharge causes of action
against their former supervisors individually. The court's
reasoning was that no Illinois court had held that anyone other
than an individual's employer was a proper party defendant in a
retaliatory discharge action. Considering this, and the supreme
court's admonition against expanding the retaliatory discharge
tort in Barr, this court refused to expand the tort of
retaliatory discharge. 
 As such, the only proper party defendant in plaintiff's
retaliatory discharge action is his former employer, Atlantic. 
Accordingly, plaintiff cannot state a cause of action for
retaliatory discharge against O'Brien and the circuit court
properly dismissed counts I and II of plaintiff's amended
complaint as directed toward this defendant. 
 Finally, plaintiff contends that civil conspiracy is a
separate and distinct cause of action, and that an action against
O'Brien based on an alleged civil conspiracy may be maintained. 
The supreme court has stated that "[c]ivil conspiracy consists of
a combination of two or more persons for the purpose of
accomplishing by some concerted action either an unlawful purpose
or a lawful purpose by unlawful means." Adcock v. Brakegate,
Ltd., 164 Ill. 2d 54, 62, 645 N.E.2d 888, 894 (1994). To state a
cause of action for conspiracy, a plaintiff must allege not only
that one of the conspirators committed an overt act in
furtherance of the conspiracy, but also that such act was
tortious or unlawful in character. Adcock, 164 Ill. 2d at 63,
645 N.E.2d at 894. A "concert of action" occurs when a tortious
act is committed with another or pursuant to a common design or
when one party renders substantial assistance to another knowing
that the other's conduct constitutes a breach of duty. Hume &
Liechty Veterinary Associates v. Hodes, 259 Ill. App. 3d 367, 632
N.E.2d 46 (1994). 
 Plaintiff alleges that defendants O'Brien and Atlantic
formed the deliberate design and purpose of terminating his
employment; that he was wrongfully discharged in retaliation for
pursuing a workers' compensation claim; and that defendants
Sedgwick and Holden joined with defendants, O'Brien and Atlantic,
to deny plaintiff Workers' Compensation Act (820 ILCS 305/1 et
seq. (West 1994)) benefits by falsely informing plaintiff that he
would receive no benefits because he failed to show up for light
duty work at Atlantic and "unilaterally elected to keep himself
off the job." Finally, plaintiff alleges that, by reason of the
aforementioned, plaintiff has sustained great financial injury. 
 This is not enough to withstand O'Brien's section 2-619
motion to dismiss, and the circuit court properly dismissed count
III of plaintiff's amended complaint. An actionable wrong cannot
be made out by characterizing acts as wrongfully done, Salaymeh
v. InterQual, Inc., 155 Ill. App. 3d 1040, 1044, 508 N.E.2d 1155,
1158 (1987). Furthermore, the mere characterization of a
combination of acts as a conspiracy is insufficient to withstand
a motion to dismiss. Rather, the factual allegations of a
complaint, when viewed in a light most favorable to the
plaintiff, must sufficiently satisfy the legal elements of a
conspiracy. Hume, 259 Ill. App. 3d at 369, 632 N.E.2d at 48. 
 The allegations, when viewed in a light most favorable to
plaintiff, do not sufficiently satisfy the legal elements of a
civil conspiracy. Sufficient facts are not set forth in the
amended complaint to establish whether O'Brien had the authority
to terminate plaintiff, O'Brien personally terminated plaintiff,
or whether the alleged wrongful acts of defendants O'Brien,
Atlantic, Sedgwick and Holden did result from some concerted
action. 
 Here, plaintiff's allegations of a civil conspiracy did not
state facts upon which the allegations were based, but were
merely conclusions that O'Brien terminated plaintiff and joined
with Atlantic, Sedgwick and Holden to deny plaintiff his benefits
under the Workers' Compensation Act. Plaintiff has not alleged
the ultimate facts necessary to support a legally cognizable
claim for civil conspiracy as to O'Brien. Therefore, the order
of the circuit court of Cook County dismissing counts I, II and
III of plaintiff's amended complaint as directed toward O'Brien
is affirmed.
 Affirmed.

 HARTMAN, P.J., and HOURIHANE, J., concur.