2023 IL App (1st) 220998-U

No. 1-22-0998

Order filed May 5, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROSELLA ELLIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 M1 125266 |
| | ) | |
| NATIONAL FOOTBALL LEAGUE, INC., | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order granting defendant's motion to dismiss plaintiff's complaint with prejudice is affirmed.

¶ 2    Plaintiff Rosella Ellis appeals *pro se* from an order of the circuit court granting the motion of defendant, the National Football League, Inc. (NFL), to dismiss her complaint with prejudice pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615,

2-619 (West 2020)). On appeal, Ellis contends that the circuit court erred in dismissing her complaint. For the reasons that follow, we affirm.

¶ 3    The following background is derived from the limited record on appeal, which includes the parties' pleadings, motions and orders regarding service and filing dates, and the circuit court's order granting the NFL's motion to dismiss. No report of proceedings is included in the record.

¶ 4    On November 23, 2021, Ellis filed a *pro se* complaint against the NFL. On the cover sheet, Ellis checked a box indicating her claim was for breach of contract. Ellis presented her entire claim in three hand-written sentences as follows:

"This League is shown to be derelict in its duties.

It is the sworn duty of the National Football League to represent America and its audience in a professional manner at all times.

This League fails to demonstrate any professionalism of any kind."

¶ 5    In the attached summons, Ellis claimed she was owed $30,000.

¶ 6    The NFL filed an appearance on March 16, 2022. Then, on April 18, 2022, the NFL filed a motion to dismiss the complaint with prejudice pursuant to sections 2-615 and 2-619 of the Code. The NFL argued that Ellis's complaint should be dismissed pursuant to section 2-615 because she failed to (1) allege sufficient facts to state a claim that would entitle her to relief, and (2) state a cognizable claim. The NFL argued that the complaint should be dismissed pursuant to section 2-619 because Ellis had alleged no injury and, therefore, lacked standing to bring her claim.

¶ 7    On May 12, 2022, the circuit court entered an order setting June 2, 2022, as Ellis's deadline for filing a response and June 16, 2022, as the NFL's deadline for filing a reply. The court also set a video conference hearing on the motion for June 22, 2022.

¶ 8     On May 25, 2022, Ellis filed a *pro se* response to the motion to dismiss. In the response, she alleged that the NFL had made a willful, deliberate, and intentional attempt to destroy professional football. She asserted that the NFL disrespected the game by failing to follow its own dress code and rules for scoring, and by failing to make sensible plays; it had become difficult for her to watch football and she was "tired of seeing players run the wrong way to the goal-post." Ellis alleged that the NFL had breached a contract to present sports in a professional manner, provide a role model to youth who may want to engage in the sport, promote suitable appearances of its players, and "provide even the basics needed to make football entertaining."

¶ 9     Ellis further alleged that the NFL was negligent in not using regulation helmets and not providing role models for young people. She asserted, "When I decide to watch a football game, I am mentally and emotionally disappointed; and, it impacts my daily life. I have a desire to be entertained, not watch a 'circus act.' " She sought $10,000 for willful acts by the NFL, $10,000 for deliberate acts by the NFL, and $10,000 for intentional acts by the NFL. Ellis concluded that she had been denied her right to have an expectation of professionalism when she watches a football game and expressed her hope that other Americans would join her in a class action lawsuit.

¶ 10     On June 16, 2022, the NFL filed a timely reply in further support of its motion to dismiss.

¶ 11     The circuit court held a hearing on the NFL's motion via video conferencing on June 22, 2022. Following the hearing, the circuit court entered a written order granting the NFL's motion and dismissing Ellis's complaint with prejudice "[p]ursuant to Sections 2-615 and 2-619" of the Code. In its written order, the court noted that the NFL was "present by counsel" at the hearing but that Ellis did not appear, despite "due notice given."

¶ 12     It does not appear from the record that Ellis filed a motion to reconsider. She filed a timely notice of appeal on July 5, 2022.

¶ 13     On appeal, Ellis challenges the circuit court's decision to dismiss her complaint. She states in her *pro se* brief that she has no recollection of a missed court date. In a section titled "Statement of Issues," she presents as issues (1) whether she filed a response to the motion to dismiss in a timely manner; (2) " 'For the record,' did judge address plaintiff during hearing on June 22, 2022"; and (3) whether her complaint was dismissed "for some other reason than plaintiff not appearing." Ellis contends that the circuit court denied her a fair and impartial trial, did not review or consider her complaint, and did not review or consider her response to the motion to dismiss. She further contends that the circuit court should not have dismissed "on the grounds that certain language was not included in [her response] to defendant's motion to dismiss." As relief, she seeks reversal, remand for trial, and damages for pain and suffering.

¶ 14     As an initial matter, we note that Ellis's brief is lacking in many respects. Relevant here, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue." *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Moreover, when an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does

not relieve her of her obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 15    Here, Ellis's brief lacks cohesive legal arguments, reasoned bases for her contentions, citations to the record, or citations to authorities beyond a general reference to the "U.S. Constitution." In these circumstances, we would be justified in striking her brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. However, while the insufficiency of Ellis's brief hinders our review, meaningful review is not completely precluded, as, for the most part, the merits of the case can be ascertained from the record on appeal. Further, this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, the NFL has filed a cogent brief, and it is clear that Ellis is challenging the circuit court's granting of the motion to dismiss her complaint. Accordingly, we choose to reach the merits of Ellis's appeal.

¶ 16    A motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A complaint is properly dismissed pursuant to section 2-615 when it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* Stated another way, dismissal is proper when the allegations in the complaint, viewed in the light most favorable to the plaintiff, are insufficient to state a cause of action upon which relief can be granted. *Provenzale v. Forister*, 318 Ill. App. 3d 869, 878 (2001). While a plaintiff is not required to set forth evidence in her complaint, she must allege facts sufficient to bring a claim within a legally

recognized cause of action. *Marshall*, 222 Ill. 2d at 429. Whether a complaint has been properly dismissed pursuant to section 2-615 is a question that this court reviews *de novo*. *Id.*

¶ 17     Further, a court may dismiss a complaint with prejudice when it is "apparent that the plaintiff can prove no set of facts that will entitle him or her to recover." *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). Whether a complaint may be dismissed with prejudice, that is, without granting leave to amend, is a decision within the circuit court's discretion. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 209 (2010). Therefore, we review a circuit court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Bruss*, 385 Ill. App. 3d at 405.

¶ 18     Here, Ellis's complaint did not allege facts or set forth a cause of action that would entitle her to relief. In her three-sentence complaint, she simply asserted that the NFL had a duty to conduct itself in a professional manner but had failed to do so. She did not identify a contract she had with the NFL, explain how the NFL owed any non-contractual duty to her, provide any facts to demonstrate that the NFL had been unprofessional, or describe how the NFL's alleged breach of contract or duty caused her harm that entitled her to $30,000.

¶ 19     Ellis's pleading did not perform the necessary function of a complaint to reasonably inform the defendant of the nature of the claim which it is being called upon to counter. See *Gonzalez v. Thorek Hospital & Medical Center*, 143 Ill. 2d 28, 36 (1991). Moreover, the complaint did not state a cause of action upon which relief can be granted, as Ellis's allegation of lack of professionalism is not a claim that is recognized under Illinois law. Where the complaint did not assert a legally recognized cause of action and did not plead facts bringing the case within that cause of action, dismissal pursuant to section 2-615 was proper. See *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003).

¶ 20    Because the complaint failed to state a cognizable claim, Ellis cannot prove any set of facts that would entitle her to recover. In these circumstances, the circuit court's decision to dismiss Ellis's complaint with prejudice was not an abuse of discretion. See *Hume & Liechty Veterinary Associates v. Hodes*, 259 Ill. App. 3d 367, 370 (1994). Given our determination that dismissal with prejudice was proper under section 2-615 of the Code, we need not address the NFL's argument that dismissal with prejudice was also proper under section 2-619 of the Code due to Ellis's lack of standing.

¶ 21    In so holding, we are mindful of the three specific issues and the additional arguments Ellis has raised in her appellate brief, but find that they do not alter our disposition.

¶ 22    First, there is no question that Ellis filed her response to the motion to dismiss in a timely manner. The circuit court set June 2, 2022, as Ellis's deadline for filing a response. She filed her response well before that date, on May 25, 2022.

¶ 23    Second, we agree with the NFL that it is unclear what Ellis means by her second issue, *i.e.*, " 'For the record,' did judge address plaintiff during hearing on June 22, 2022." Ellis was not present during the video conference hearing, so the circuit court could not have "addressed" her directly by speaking with her. In any event, nothing in the record indicates that the circuit court failed to review or consider Ellis's complaint or her response to the motion to dismiss. The record does not include a transcript of proceedings or an acceptable substitute, such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017). As the appellant, Ellis bore the burden to present us with a sufficiently complete record to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We will resolve any doubts arising from the incompleteness of the record against her (*id.*) and, when the record on appeal is

insufficient to determine an issue, we must presume that the court below acted in conformity with the law (*In re Marriage of Grandt*, 2022 IL App (2d) 210648, ¶ 29).

¶ 24    Third, it is clear from the record that Ellis's complaint was dismissed for a reason other than her failure to appear at the hearing on the motion to dismiss. The circuit court's order indicates that it granted the motion to dismiss "[p]ursuant to Sections 2-615 and 2-619." Neither section concerns a party's presence at a hearing. Rather, a motion to dismiss pursuant to section 2-615 attacks the legal sufficiency of a complaint, and a motion to dismiss pursuant to section 2-619 raises defects, defenses, or other affirmative matters appearing on the face of the complaint, or established by external submissions, that defeat the action. *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 278 (2004). Ellis's absence at the hearing on the motion to dismiss was not relevant to those considerations.

¶ 25    Finally, the record rebuts Ellis's argument that the circuit court improperly dismissed her complaint "on the grounds that certain language was not included in [her response] to defendant's motion to dismiss." As noted, the court's written order indicates that it granted the motion to dismiss "[p]ursuant to Sections 2-615 and 2-619." Nothing in the record indicates that the circuit court ruled based on the absence of any language in her response. Moreover, while Ellis notes that the circuit court did not allow her a trial, the court properly dismissed her complaint prior to that stage of proceedings for all the reasons we have explained. Ellis's arguments for reversal therefore fail.

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 27    Affirmed.