PETER JOHNSON, impleaded, &c., plaintiff in error, v. NEW-
MAN BARBER, defendant in error.

## Error to Kane.

In an action of trespass upon the case for setting fire to a prairie, &c., the Court
was asked by the defendant to instruct the jury " that they must be satisfied
from the evidence that John Johnson was the agent of Peter Johnson, employ-
ed in and about his business, and that he, John, was and did act within the
scope of his employment at the time he set fire to the prairie, or he, Peter
Johnson, is not liable, and they will acquit him." The instruction was
given with this qualification: " This is the law so far as Peter Johnson is
sought to be made liable as master, or principal, for the acts of John John-
son : " Held, that assuming the relation of master and servant to exist, the
qualification was proper.
The Court was further asked to instruct the jury that " if John Johnson trans-
cended his authority given him by said Peter Johnson, then he, said Peter,
is not liable, and they, the jury, should acquit him." The instruction was
given with this qualification: " This is the law so far as Peter Johnson is
sought to be made liable as master or principal, for the acts of John John-
son : " Held, that the qualification was proper.
The Court was also asked to instruct the jury that it was " for the plaintiff to
prove that the agent acted with the assent, or under the directions of the prin-
cipal, when he commits the tortious acts, and that it cannot be presumed,
although he is in the employ of the principal, and unless it is proved, they
must acquit the principal." The instruction was given with the following
qualification: " This must be understood so far as it is sought to recover for
a tortious act of servant or agent acting in relation to the principal or mas-
ter." Held, that the qualification was proper.
A principal is liable to third persons for the frauds, torts, and negligences of the
agent, even though the conduct of the agent is without his participation or
consent, provided the act is done in the course of the employment, and is not
a wilful departure from it.
If one of two defendants in an action of trespass on the case, while engaged in
the prosecution of the business of the other, carelessly or negligently set fire
to the prairie, or even purposely with a view to benefit or protect the interests
of the employer, the latter would be liable for the consequences ; but if he set
out the fire from motives of malice or wantonness, the principal would not
be liable, for it would be an abandonment of the business of the agency.
If one person commit an unlawful act under the direction of another, that fact
will not shield him from responsibility, but both are equally liable to the in-
jured party.
If a person be authorized, under the 158th section of the Criminal Code, to set
fire to the prairie, he is bound to use every reasonable precaution to prevent
injurious results to others. In a suit for an injury resulting from the setting
of such fire, the plaintiff is only required to prove that the defendant set out

Johnson *v.* Barber.

the fire that occasioned it. If the latter have any excuse or justification for the act, he must prove its existence.

Grass severed from the freehold becomes personal property, and in an action for its destruction by a fire set upon the prairie, the plaintiff is not required to show title to the land on which it was cut.

TRESPASS UPON THE CASE, in the Kane Circuit Court, brought by the defendant in error against the plaintiff in error and one John Johnson, for firing a prairie, &c., and heard before the Hon. John D. Caton and a jury, at the April term, 1847. The defendants pleaded the general issue.

During the progress of the trial, the counsel for the defendants asked the Court to give several instructions to the jury, some of which were refused and others given with a qualification. The following is the bill of exceptions taken in the case:

"Be it remembered that, on the trial of this cause, the counsel for the defendants asked the Court to instruct the jury as follows:

1. The Court will please instruct the jury, that they must be satisfied from the evidence that John Johnson was the agent of Peter Johnson, employed in and about his business, and that he, John, was and did act within the scope of his employment at the time he set fire to the prairie, or he, Peter Johnson, is not liable, and they will acquit him, which instruction was given by the Court, with the following qualification: "This is the law so far as Peter Johnson is sought to be made liable as master or principal for the acts of John Johnson."

2. If John Johnson transcended his authority given by said Peter Johnson, then he, said Peter, is not liable, and they, the jury, shall acquit him. This instruction was given by the Court with the same qualification as above.

3. The principal is not liable for the tortious acts of the agent, although, at the time such tortious acts were committed by the agent, he was engaged and employed in and about the business of the principal, unless he, the agent, in so doing is carrying out the instructions of the principal, or he, the principal, subsequently assents to it. This instruction

was given by the Court with the following qualification :
"Yet the principal may be liable for the acts of the servant
or agent, while doing the work of the principal or master
without the instruction of the principal to do the particular
tortious act."

4. The plaintiff is not entitled to recover of the defend-
ants unless he proves all the material averments in his decla-
ration, and the loss he, the plaintiff, has sustained, occasioned
in consequence of the negligence of the defendants in man-
ner and form as in the said plaintiff's declaration mentioned.
This instruction was given by the Court.

5. If the injury is the effect of negligence in both parties,
without any intentional wrong or gross negligence on the
part of the defendants, then he, the plaintiff, cannot recover
or maintain his action, and the jury should find for the de-
fendants. This instruction was given by the Court.

6. It is for the plaintiff to prove that the agent acted
with the assent or under the directions of the principal when
he commits the tortious acts, and that it cannot be presumed,
although he is in the employ of the principal, and unless it
is proved, they must acquit the principal. This instruction
was given with the following qualification : "This must be
understood so far as it is sought to recover for a tortious act
of servant or agent acting in relation to the principal or
master."

7. The plaintiff cannot recover against both of the de-
fendants, for if John Johnson acted under the instructions and
directions of Peter Johnson, then he, Peter, is alone liable.
If John Johnson acted contrary to the direction of Peter
Johnson, then he, Peter, is not liable, and they must acquit
him. This instruction was refused by the Court.

8. The defendant Peter Johnson had a right to set fire to
the prairie, or direct his agent to on his own lands. If any
damage was done to the plaintiff in consequence of so set-
ting fire to the prairie, the defendants, under the plaintiff's
declaration, are only liable if the damage was done in conse-
quence of the negligence of the defendants after the fire

was set to the prairie, and this must be proved by the plaintiff, or they, the jury, must acquit the defendants. This instruction was refused by the Court. The Court at the same time stated in answer to an interrogatory of the defendants' counsel, that although at the Common Law it might be lawful for the defendants to burn the prairie on his own premises, yet it is made unlawful by the 158th section of the Criminal Code to intentionally set on fire. the prairie in the inhabited part of the State at any time without giving to his neighbors two days' notice of his intention so to do, although. he might be the owner of such prairie.

9. The Court will please instruct the jury that unless the plaintiff proves the title in the plaintiff where the grass or hay was cut was in the plaintiff, and where it stood at the time it was destroyed by fire, he cannot recover its value of the defendants. This instruction was refused by the Court.

To the refusal of the Court to give said instructions, and in giving the said qualifications to the instructions given, and in the statement made by the Court as inserted after the eighth instruction, the defendants excepted and prayed the Court to "sign and seal," &c., &c.

The jury returned a verdict against the defendants and assessed the plaintiff's damages at the sum of $489. The defendants then entered a motion for a new trial, which the Court overruled and rendered a judgment upon the verdict of the jury.

*E. W. Tracy,* for the plaintiff in error.

The Court erred in not instructing the jury that the plaintiff, to entitle him to recover, should show title to the premises on which the injury was done. It is an important fact to be proved.

The other instructions asked by the defendants should have been given. The alleged torts were the acts of the agent, and not of the principal or employer. The principal was not in any way liable.

*W. D. Barry*, for the defendant in error.

1.  Every person who does an unlawful act is responsible for all the consequences resulting from it.   If the injury is occasioned by unavoidable accident, the party is not liable; but if any blame is imputable to him, though he had no intention to injure another, he is still liable for the damages sustained.   *Clark* v. *Lake*, 1 Scam. 229; *Stout* v. *McAdams*, 2 do. 67; *Dygert* v. *Bradley*, 8 Wend. 469; *Bullock* v. *Babcock*, 3 do. 391.

2.  None of the evidence is contained in the bill of exceptions, and the Court cannot see the applicability of the instructions refused, and will not reverse a judgment for a refusal to give abstract propositions of law to the jury.   *Samuel* v. *Withers*, 9 Missouri, 166; *Maston* v. *Fanning*, Ibid. 305; *Palmer* v. *Hunter*, 8 do. 512; *Cawthorne* v. *Muldrow*, Ibid. 617.

*O. Peters*, on the same side.

The instructions asked for, assumed the existence of a state of facts not shown by the bill of exceptions to have been proved.   There is nothing to show whether one of the Johnsons was principal and the other agent or not.

The qualifications to the instructions were rightly given. In torts all are principals.   Though the principal may be liable for the acts of the agent, yet this will not relieve the agent from liability.   One cannot justify a tortious act by showing that he acted by the command or direction of another.   The case of *Burton* v. *McClellan*, 2 Scam. 434, fully establishes the doctrine that if a person sets out a fire he is responsible for all the consequences—and that, to justify himself, he must prove that the fire was set out lawfully, and that he used all possible means to prevent injury.

As to the last instruction asked for, it is couched in such ambiguous terms, that the Court might well have refused to give it on that account only; (*Baxter* v. *The People*, 3 Gilm. 368;) but if the instruction was intended to assert that it was incumbent upon the plaintiff to prove that he was the owner of the land where the stacks were, which were destroyed, it was incorrect and ought to have been refused.   The cause of dam-

age charged in the declaration, is the destruction of personal property; and it is not easy to see how the title to the land where the property was, can be inquired into. Whether the plaintiff below was the owner of the land or not makes no difference as to the amount of his loss, or the liability of the defendant.

The Opinion of the Court was delivered by

TREAT, C. J. * The Court properly qualified the first, second, and sixth instructions. The instructions, as demanded, assumed that the relation of master and servant existed between the defendants. The modification confined the instructions to such a state of case.

No error was committed in adding the qualification to the third instruction. The principal is liable to third persons for the frauds, torts, and negligences of the agent, even though the conduct of the agent is without his participation or consent, provided the act is done in the course of the employment, and is not a wilful departure from it. Story on Agency, § 452 *et seq; Bush* v. *Steinman,* 1 Bosanquet & Puller, 404; *Wright* v. *Wilcox,* 19 Wend. 343; *Foster* v. *Bank,* 17 Mass. 479. If one of the defendants, while engaged in the prosecution of the business of the other, carelessly or negligently set fire to the prairie, or even purposely, with a view to benefit or protect the interests of the employer, the latter would be liable for the consequences; but if he set out the fire from motives of malice or wantonness, the principal would not be liable, for that would be an abandonment of the business of the agency. The instruction, as modified by the Court, stated the law correctly.

The seventh instruction was clearly wrong. If the act complained of was illegal, the fact that one of the defendants committed it under the direction of the other, did not shield him from responsibility, but both were equally liable to the party injured, as well the one who did the act as the one who procured it to be done. All concerned in the commission of an unlawful act are responsible for the conse-

---

* TRUMBULL, J. did not sit in this case.

quences. Admit the principle asserted by this instruction, and every person charged with the commission of an act prohibited by law could excuse himself by showing that he acted in obedience to the command or under the direction of another. Such a doctrine would be subversive of private rights, and detrimental to the public interests.

The eighth instruction was erroneous. It asserts an unqualified right on the part of the defendants to set fire to the prairie on their own land. This position is not correct. The 158th section of the Criminal Code prohibits a person from setting fire to the woods, prairies or other grounds in the inhabited parts of the State between the first of December and March, and during the rest of the year, except for the necessary preservation of his farm or inclosure from accident by fire, and then only upon giving his neighbors two days' notice of his intention to do so. If the defendants claimed to be within the exception, the instruction should have been based on the hypothesis that such a state of facts appeared in the evidence. The instruction was erroneous in another respect. Assuming that the defendants had the right-to-set fire to-the prairie, the instruction would relieve them from all liability for the consequences unless the plaintiff should show that the injury was occasioned by their subsequent negligence. The law is otherwise. If the defendants were authorised by the provisions of the Statute to set out the fire, they were still bound to use every reasonable precaution to prevent injurious results to others. The plaintiff was only required to prove that the defendants set out the fire that caused the injury. It rested with the defendants to show the excuse and justification if any existed. *Burton* v. *McClellan*, 2 Scam. 434.

The ninth instruction was properly refused. The grass was severed from the freehold, and became personal property; and the plaintiff, to recover damages for its destruction, was not bound to show title to the land on which it was cut.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*