Docket No. 83321–Agenda 10–January 1998.

JACK L. BUCKNER, Appellant v. ATLANTIC PLANT MAINTENANCE, INC., 
et al
. (James L. O'Brien, Appellee).

JUSTICE BILANDIC delivered the opinion of the court:

The primary issue presented in this appeal is whether a plaintiff may bring a retaliatory discharge action against the employee or agent who, on behalf of the plaintiff's former employer, discharged the plaintiff in alleged violation of public policy. We hold that the limited tort of retaliatory discharge recognized by this court in 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172 (1978), should not be expanded to allow claims against such parties.

FACTS

The plaintiff, Jack L. Buckner, filed a four-count complaint against Atlantic Plant Maintenance, Inc. (Atlantic), James L. O'Brien (O'Brien), Sedgwick James of Illinois, Inc. (Sedgwick), and Patrick J. Holden (Holden) in the circuit court of Cook County on February 28, 1995. The plaintiff alleged that he was periodically employed by Atlantic as a millwright at LaSalle Nuclear Power Station on and prior to October 13, 1993. The plaintiff further alleged that he suffered a work-related injury on September 23, 1993, while employed by Atlantic. Counts I and II of the complaint were directed at Atlantic and O'Brien. Count I charged that Atlantic and O'Brien terminated the plaintiff's employment on October 23, 1993, in retaliation for the plaintiff's “intention to pursue and his pursuit of a certain workers' compensation claim.” Count II realleged the allegations of count I and sought punitive damages from Atlantic and O'Brien. Counts III and IV were directed against Sedgwick and Holden. Count III charged that Sedgwick and Holden conspired with Atlantic and O'Brien to deny the plaintiff his workers' compensation benefits by “falsely informing plaintiff on November 3, 1993, that he would receive no benefits because he failed to show up for light duty work at Atlantic and `unilaterally elected to keep yourself off the job.' ” Count IV sought punitive damages from Sedgwick and Holden.

Atlantic filed an answer admitting that it had been the plaintiff's employer. As an affirmative defense, Atlantic alleged that it had “laid off” the plaintiff as part of a “reduction in force.”

O'Brien filed a motion to dismiss the plaintiff's complaint against him pursuant to section 2–619(a) of the Code of Civil Procedure (735 ILCS 5/2–619(a) (West 1996)). O'Brien attached his affidavit to the motion. In that affidavit, O'Brien averred that he was the executive vice president of Consulting Services of Frankfort, Illinois, Inc., and that, in October 1993, he performed consulting services for Atlantic regarding work-place safety. O'Brien further stated that the plaintiff was not an employee of Consulting Services of Frankfort, Illinois, Inc., and that O'Brien was not an employee of Atlantic. Finally, O'Brien averred that he had no authority to hire or discharge employees of Atlantic in October of 1993. Based upon this affidavit, O'Brien's motion sought dismissal of the complaint against him on the ground that he was not the plaintiff's employer.

The plaintiff filed a response to O'Brien's motion to dismiss, accompanied by the affidavits of the plaintiff and his counsel. The plaintiff's affidavit stated that O'Brien worked out of Atlantic's office at the power plant, O'Brien gave safety lectures at the job site on behalf of Atlantic, and O'Brien, on several occasions, drove the plaintiff from the job site to see physicians for his work-related injury. The affidavit of the plaintiff's counsel stated that he possessed a letter written by O'Brien to one of the plaintiff's treating physicians in which O'Brien called himself “Safety Supervisor, Atlantic Plant Maintenance,” and requested information about the plaintiff's medical condition. On the basis of these affidavits, the plaintiff argued that he had sufficiently alleged that O'Brien had the authority to discharge the plaintiff on behalf of Atlantic. The plaintiff also cited two decisions of the Second District of the appellate court which held that a plaintiff may bring a retaliatory discharge action against a former supervisor individually, in addition to their former employer.

O'Brien filed a reply memorandum in support of his motion to dismiss. First, O'Brien pointed out that the conspiracy count of the plaintiff's complaint, count III, was not directed at O'Brien and contained no prayer for relief against O'Brien. With regard to the retaliatory discharge claim, O'Brien argued that the plaintiff did not allege that O'Brien had been his supervisor. Further, O'Brien argued, the First District of the appellate court had held, contrary to the Second District, that a retaliatory discharge action may not be brought against parties other than the plaintiff's former employer.

The trial court granted O'Brien's motion to dismiss. The court's order first allowed the plaintiff leave to amend count III of his complaint 
instanter
 to include O'Brien in the prayer for relief under the conspiracy theory. The order then dismissed counts I, II and III as they pertained to O'Brien.

The plaintiff appealed to the appellate court. The appellate court, following the precedent of the First District, held that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer, not the plaintiff's former supervisors. The court declined to follow the contrary holdings of the Second District. Accordingly, because the complaint did not allege that O'Brien had been the plaintiff's employer, the appellate court affirmed the dismissal of the retaliatory discharge claim against O'Brien. The appellate court also affirmed the dismissal of the conspiracy claim against O'Brien. 287 Ill. App. 3d 173.

We accepted the plaintiff's petition for leave to appeal to resolve the conflict in the appellate court on the retaliatory discharge issue. 166 Ill. 2d R. 315(a).

ANALYSIS

I. Retaliatory Discharge

We must decide whether a plaintiff may bring a retaliatory discharge action against the employee or agent of their former employer who effected the discharge on behalf of the employer. This court has not yet addressed this issue. As noted, the decisions of our appellate court on this issue are conflicting. The First District, in a line of cases beginning with 
Morton v. Hartigan
, 145 Ill. App. 3d 417 (1986), has held that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer. 
Morton
, 145 Ill. App. 3d at 421-22; 
Balla v. Gambro, Inc.
, 203 Ill. App. 3d 57, 63 (1990), 
rev'd on other grounds
, 145 Ill. 2d 492 (1991); 
Motsch v. Pine Roofing Co.
, 178 Ill. App. 3d 169, 176-78 (1989). The court in 
Morton
 looked to this court's precedent which, it determined, required a narrow scope for the tort of retaliatory discharge. The 
Morton
 court concluded that allowing a retaliatory discharge action to be brought against a party other than the former employer would unduly expand the tort. 
Morton
, 145 Ill. App. 3d at 421-22; see also 
Balla
, 203 Ill. App. 3d at 63; 
Motsch
, 178 Ill. App. 3d at 176-77.

The Second District of our appellate court has reached a contrary conclusion. In 
Fellhauer v. City of Geneva
, 190 Ill. App. 3d 592, 600-02 (1989), 
rev'd on other grounds
, 142 Ill. 2d 495 (1991), the court declined to follow 
Morton
 and held that an action for retaliatory discharge may be brought against not only the plaintiff's former employer, but also the employee or agent who performed the discharge. The 
Fellhauer
 court reasoned that, under principles of agency law, where the acts of an agent render the principal liable, the agent is also liable. The court further determined that holding the “active wrongdoer” liable, in addition to the employer, for retaliatory discharge would promote the deterrent goal of the tort. 
Fellhauer
, 190 Ill. App. 3d at 602; see also 
Bragado v. Cherry Electrical Products Corp.
, 191 Ill. App. 3d 136, 143 (1989) (noting the holding in 
Fellhauer
 that a retaliatory discharge action may be brought against the agent or employee who performs the discharge, but finding that holding factually inapplicable).

The tort of retaliatory discharge has a relatively short history in this state. It was first recognized as a cause of action by this court in 1978 in 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172 (1978). The 
Kelsay
 court noted that the long-standing general rule in this state was that an at-will employee may be discharged by the employer at any time and for any reason. The court determined, however, that a limited exception to this rule should be recognized when the reason for the employee's discharge is the employee's assertion of his or her rights under the Workmen's Compensation Act. That Act, the court reasoned, was enacted to provide a comprehensive scheme for efficient and expeditious remedies for injured employees. The court concluded that “[t]his scheme would be seriously undermined if employers were permitted to abuse their power to terminate by threatening to discharge employees for seeking compensation under the Act.” 
Kelsay
, 74 Ill. 2d at 181-82. Accordingly, the court held that a plaintiff who was terminated for pursuing workers' compensation benefits could bring an action for retaliatory discharge against her former employer.

In 
Palmateer v. International Harvester Co.
, 85 Ill. 2d 124 (1981), the court was presented with the issue of whether the tort recognized in 
Kelsay
 should be applied beyond the workers' compensation setting. There, the plaintiff alleged that he was discharged by his employer because he supplied information to law enforcement authorities that a fellow employee might be involved in illegal activities and agreed to assist in the investigation of the other employee. In a sharply divided decision, the court held that a retaliatory discharge action could be brought against an employer that fires an employee for volunteering information about possible criminal activity to law enforcement authorities. 
Palmateer
, 85 Ill. 2d at 133. One of the dissenters in 
Palmateer
 was Justice Ryan, the author of the majority opinion in 
Kelsay
. Justice Ryan wrote that the majority's opinion in 
Palmateer
 was an unwarranted extension of the limited cause of action recognized in 
Kelsay
. 
Palmateer
, 85 Ill. 2d at 136 (Ryan, J., dissenting).

This court's subsequent decision in 
Barr v. Kelso-Burnett Co.
, 106 Ill. 2d 520 (1985), reaffirmed the narrow scope of the tort recognized in 
Kelsay
. In 
Barr
, the court refused to allow an action for retaliatory discharge because the discharged plaintiffs failed to allege a violation of a clearly mandated public policy. 
Barr
, 106 Ill. 2d at 526. It had been argued in that case that the court's decision in 
Palmateer
 signalled an expansion of the retaliatory discharge tort. The 
Barr
 court soundly rejected this proposition:

“Contrary to plaintiffs' assertion, however, this court has not, by its 
Palmateer
 and
 Kelsay
 decisions, `rejected a narrow interpretation of the retaliatory discharge tort' and does not `strongly support' the expansion of the tort. The common law doctrine that an employer may discharge an employee-at-will for any reason or for no reason is still the law in Illinois, except for when the discharge violates a clearly mandated public policy.” 
Barr
, 106 Ill. 2d at 525.

Numerous subsequent decisions of this court have similarly maintained the narrow scope of the retaliatory discharge cause of action. For example, in 
Hartlein v. Illinois Power Co.
, 151 Ill. 2d 142, 159-61 (1992), this court declined to expand the tort to encompass a retaliatory discharge “process,” noting that, “[d]espite the revolutionizing effect of 
Kelsay
, the common law doctrine that an employer may discharge an employee-at-will for any reason or for no reason remains the law in Illinois.” Likewise, in 
Zimmerman v. Buchheit of Sparta, Inc.
, 164 Ill. 2d 29, 45 (1994), the plurality traced this court's “guarded development and narrow construction of the tort of retaliatory discharge” to reach the conclusion that it should not be expanded to encompass retaliatory discrimination or demotion. See also 
Balla v. Gambro, Inc.
, 145 Ill. 2d 492, 501 (1991) (declining to extend the “limited and narrow” tort of retaliatory discharge to allow in-house counsel to sue former employer for retaliatory discharge); 
Fellhauer v. City of Geneva
, 142 Ill. 2d 495, 505, 508 (1991) (noting that the tort of retaliatory discharge is a “limited and narrow cause of action,” and finding that the “compelling circumstances” necessitating recognition of the action were not present in that case).

In this case, we are again presented with a request to expand the retaliatory discharge cause of action. The plaintiff asks that we allow this cause of action to be brought not only against the plaintiff's former employer, but also against the agent or employee of the employer who carried out the discharge of the plaintiff on the employer's behalf. Given this court's past precedent admonishing against the expansion of this tort, we decline to expand it in the manner proposed here by the plaintiff. The policy considerations that motivated this court to recognize a retaliatory discharge cause of action are adequately vindicated by allowing a cause of action against employers. 
Kelsay
 recognized a cause of action for retaliatory discharge in order to prohibit “employers” from abusing “their power to terminate.” 
Kelsay
, 74 Ill. 2d at 182. Subsequent decisions of this court shaping the contours of this tort have likewise noted that “an employer could effectively frustrate a significant public policy by using 
its power of dismissal
 in a coercive manner.” (Emphasis added.) 
Fellhauer
, 142 Ill. 2d at 508. Thus, this court has concluded, in certain “compelling circumstances,” recognition of a cause of action for retaliatory discharge is necessary to “vindicate the public policy underlying the employee's activity, and to deter 
employer conduct
 inconsistent with that policy.” (Emphasis added.) 
Fellhauer
, 142 Ill. 2d at 508; see also 
Hartlein
, 151 Ill. 2d at 166 (stating that 
Kelsay
 prohibits 
an employer
 from utilizing an employee's job as leverage to condition his exercise of rights under the Workers' Compensation Act); 
Hinthorn v. Roland's of Bloomington, Inc.
, 119 Ill. 2d 526, 529 (1988) (noting that retaliatory discharge actions are allowed to insure that sound public policy cannot be “frustrated by the actions 
of an employer
” (emphasis added)).

This emphasis on tempering the power 
of the employer
 is not surprising. Logically speaking, only “the employer” has the power to hire or fire an employee. Obviously, an agent or employee of the employer may carry out that function on the employer's behalf, but it is still the authority of 
the employer
 which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages. The purpose underlying the recognition of retaliatory discharge actions is therefore fully served by allowing actions only against the employer.

The plaintiff contends, however, that the “deterrent effect” of the tort will be diminished if the employee or agent who “participated” in the firing is not also subject to liability. Imposing liability for retaliatory discharge on parties other than the employer is not necessary. The power to discharge rests with the employer. Subjecting the employer to liability for retaliatory discharge therefore acts to deter discharges which violate public policy. The plaintiff suggests that allowing other parties to be held liable is necessary because it may be those other parties who “devise the plan” to discharge the plaintiff for an unlawful reason. Even in the plaintiff's scenario, however, the discharge is still authorized 
by the employer
. Moreover, from a practical perspective, if an agent or employee induces the employer to discharge another employee for an unlawful reason, and the employer is held liable for retaliatory discharge as a result, it is likely that the employer itself will act to “deter” that agent or employee from repeating such conduct.

Limiting the potential defendants in a retaliatory discharge action to employers is particularly appropriate in a case such as this where the alleged unlawful reason for the termination was the plaintiff's pursuit of workers' compensation benefits. Under the Workers' Compensation Act, workers' compensation benefits are paid to an injured employee by the employer. See 820 ILCS 305/11 (West 1996). Presumably, the intent of an employer who adopts a policy of firing employees for seeking workers' compensation benefits is to avoid having to pay such benefits to employees. Accordingly, it is only the employer who has a “motive” to fire an employee for seeking workers' compensation benefits. The retaliatory discharge claim is therefore properly brought against the employer.

The plaintiff also contends that allowing retaliatory discharge actions to be brought against the agent or employee who carried out the firing is not an expansion of the retaliatory discharge tort, but is simply the application of general principles of agency law. We disagree. The plaintiff asserts that, under general principles of agency law, an agent whose tortious conduct renders the principal liable is also liable for his own tortious acts. This general rule may not, however, be logically applied to the tort of retaliatory discharge. As explained above, the power to hire and fire employees is ultimately possessed only by the employer. Consequently, the tort of retaliatory discharge may be committed only by the employer. The agent or employee who carries out the employer's decision to fire will not be subject to personal liability for retaliatory discharge. We therefore disagree with the plaintiff's contention that his position in this case does not represent an expansion of the retaliatory discharge tort.

Accordingly, we hold that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer. The plaintiff's complaint in this case alleged that he was employed by Atlantic, not O'Brien. The trial court's order dismissing the retaliatory discharge counts against O'Brien was therefore correct. The appellate court decisions in 
Fellhauer v. City of Geneva
 and 
Bragado v. Cherry Electrical Products Corp.
, to the extent they are inconsistent with this opinion, are overruled.

II. Conspiracy

The trial court also dismissed the plaintiff's cause of action for civil conspiracy against O'Brien. We hold that this claim was properly dismissed.

Counts III and IV of the plaintiff's complaint purport to allege a conspiracy “to deny plaintiff his Workers' Compensation Act benefits, and to hinder him and prevent him from pursuing his claim.” As originally pled, counts III and IV charged that defendants Sedgwick and Holden attempted to accomplish this objective by “falsely informing plaintiff on November 3, 1993, that he would receive no benefits because he failed to show up for light duty work at Atlantic and `unilaterally elected to keep yourself off the job.' ” In his motion to dismiss, O'Brien pointed out that the conspiracy counts of the plaintiff's complaint were directed only at defendants Sedgwick and Holden. Although the record does not disclose a motion to amend the complaint by the plaintiff, the plaintiff apparently moved to add O'Brien as a defendant in count III. The trial court granted the plaintiff leave to add O'Brien to count III. The trial court then dismissed the conspiracy claim against O'Brien.

The plaintiff's allegations fail to state a cause of action for conspiracy against O'Brien. The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. See 
Hume & Liechty Veterinary Associates v. Hodes
, 259 Ill. App. 3d 367, 369 (1994). In order to state a claim for civil conspiracy, a plaintiff must plead a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means. 
Adcock v. Brakegate, Ltd.
, 164 Ill. 2d 54, 62 (1994). We first note that, because the acts of an agent are considered in law to be the acts of the principal, there can be no conspiracy between a principal and an agent. See 
Salaymeh v. InterQual, Inc.
, 155 Ill. App. 3d 1040, 1043-44 (1987). The plaintiff's theory in this case is that O'Brien, at least for the purposes of discharging the plaintiff, acted as the agent of Atlantic. Accordingly, to the extent that the plaintiff seeks to allege a conspiracy between O'Brien and Atlantic, that claim must fail. With regard to the plaintiff's allegation of a conspiracy between O'Brien and Sedgwick and Holden, the plaintiff's claim is entirely lacking factually. In Illinois, a plaintiff must plead the facts essential to his cause of action; unsupported conclusions are not enough. See 
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 422-26 (1981). Here, the plaintiff's complaint merely alleges that O'Brien conspired with Sedgwick and Holden to deny the plaintiff workers' compensation benefits. The complaint provides no factual allegations to support that contention. The complaint does not allege any concert of action on the part of O'Brien, Sedgwick and Holden to achieve this purpose. In fact, the complaint does not even identify Sedgwick or Holden or the roles they played in this case. The complaint alleges simply that Sedgwick and Holden made certain statements to the plaintiff which, the plaintiff concludes, evidenced an intent to deny the plaintiff his workers' compensation benefits. The complaint then makes the bald assertion that O'Brien “conspired” with Sedgwick and Holden. The plaintiff's conclusory allegations are not sufficient to state a cause of action for conspiracy against O'Brien. See 
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 202 (1997). The trial court therefore correctly dismissed the plaintiff's conspiracy claim against O'Brien.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court which affirmed the dismissal of the plaintiff's complaint against O'Brien.

Affirmed
.

CHIEF JUSTICE FREEMAN, concurring in part and dissenting in part:

Today, the majority holds that a plaintiff may not bring a retaliatory discharge action against the agent or employ­ee of the plaintiff's former employer who actually fired the plaintiff on the employer's behalf. Rather, the majority holds that the 
only
 proper defen­dant in a retaliatory dis­charge action is the plaintiff's former employer. Slip op. at 1, 8.

I respectfully disagree. Based on both the law and public policy, I would hold that a plain­tiff may bring a retaliato­ry dis­charge action against not only the plaintiff's former employer, but also the employer's agent or employ­ee who actual­ly fired the plaintiff on the employer's behalf. Accord­ing­ly, I dissent from part I of the majority opinion.

I. The Law

The controlling legal principles are so well settled, and their application in Illinois is so established, that their recitation should not be necessary. However, in light of this decision, these principles must be explained again.

Of course, in a case where the principal commands the agent to commit a tort, the principal is liable to a plaintiff not based on agency law. Rather, the principal is liable based on the tort rule “that one causing and intending an act or result is as responsible as if he had personally performed the act or produced the result.” Restatement (Second) of Agency §212, Comment 
a
, at 455 (1958); accord W. Seavey, Agency §82, at 137 (1964).

The law concerning an agent's liability where the principal commands the agent to commit a tort is equally straightforward. “The basic proposition concerning the agent's or servant's tort liability is simple and readily stated: it is normally unaffected by the fact that he is an agent or servant.” P. Mechem, Agency §343, at 232 (4th ed. 1952). I repeat: “An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal ***.” Restatement (Second) of Agency §343, at 105 (1958); accord W. Seavey, Agency §129, at 220 (1964). This is the law in Illinois. 1 Ill. L. & Prac. 
Agency
 §184, at 792 (1953).

The law reasons that the agent's tort liability:

“is not based upon the contractual relationship existing between the principal and agent, but upon the common-law obligation that every person must so act or use that which he controls as not to injure another. In other words, if the agent is under a duty to third persons as well as to his principal, a breach of his duty to such third persons will render the agent liable to them. Thus, whether he is acting on his own behalf or for another, an agent who violates a duty which he owes to a third person is answerable to the injured party for the consequences. It is no excuse to an agent that his principal is also liable for a tort ***. Nor is an agent who is guilty of tortious conduct relieved from liability merely because he acted at the request, or even at the command or direction, of the principal.” 3 Am. Jur. 2d 
Agency
 §309, at 813-14 (1986).

These principles apply equally to nonagent employees. 27 Am. Jur. 2d 
Employment Relationship
 §488, at 929 (1996). Illi­nois courts have long approved of this reasoning. 
Baird v. Shipman
, 132 Ill. 16, 18 (1890); 
Gateway Erectors Division of Imoco-Gateway Corp. v. Lutheran General Hospital
, 102 Ill. App. 3d 300, 301-02 (1981).

Not only is the law clear on the joint liability of principal and agent in cases such as this, but the law is also clear on their joinder as defendants. “Principal and agent can be joined in an action for a wrong resulting from the tortious conduct of an agent or that of agent and principal, and a judgment can be rendered against each.” Restatement (Second) of Agency §217B(1), at 472 (1958); accord W. Seavey, Agency §95, at 169 (1964). The agency relationship “simply provides an alternative defen­dant. The principal and his agent are jointly and severally liable for all of the damages sustained by the plaintiff.” 1 J. Lee & B. Lindahl, Modern Tort Law §7.02, at 187 (rev. ed. 1988); accord 27 Am. Jur. 2d 
Employment Relationship
 §480 (1996) (nonagent employees). This court long ago explained:

“that a joint complaint against a master and his servant or principal and agent states but a single cause of action arising from the same act of negligence *** and both being liable for the same act of negligence they may be joined as defendants.” 
Skala v. Lehon
, 343 Ill. 602, 606 (1931).

Accord 
Lasko v. Meier
, 394 Ill. 71, 77 (1946); 
Laver v. Kingston
, 11 Ill. App. 2d 323, 327-28 (1956).

The majority states that these general principles of agency law may not “[l]ogically” be applied to the tort of retaliatory discharge. The majority first reasoned that “only 'the employer' has the power to hire or fire an employee. Obviously, an agent or employee of the employer may carry out that function on the employer's behalf, but it is still the authority of 
the employer
 which is being exercised.” (Emphasis in original.) Slip op. at 7. The majority subsequently reasoned:

“As explained above, the power to hire and fire employees is ultimately possessed only by the employer. Consequently, the tort of retaliatory discharge may be committed only by the employer. The agent or employee who carries out the employer's decision to fire will not be subject to personal liability for retaliatory discharge.” Slip op. at 8.

The majority's reasoning cannot withstand analysis. The majority is quite correct that: only the employer can fire an employee; an agent can execute that function on the employer's behalf; but the agent is nonetheless exercising the authority of the employer. However, 
all
 agents exercise their principals' authority on their principals' behalf. In so doing, their acts are viewed as the acts of their principals. This is what agency law is all about. W. Seavey, Agency §8(B), at 11 (1964); P. Mechem, Agency §35, at 19 (4th ed. 1952); Restatement (Second) of Agency §7 (1958); 1 Ill. L. & Prac. 
Agency
 §111 (1953). Their single act, if tortious, states a single cause of action, to which they both may be joined as defendants. 
Skala
, 343 Ill. at 606. Indeed, the majority acknowledges this in part II of its opinion. See slip op. at 9-10. Thus, the appli­ca­tion of these well-settled princi­ples of agency law would not “expand” the tort of retaliatory dis­charge. The tort of retalia­tory discharge is not unique in this regard.

The majority is incorrect, as a matter of law, in its conclusion that only the employer can commit the tort of retaliatory discharge. Let me illustrate with two hypotheticals. In the first, an employ­er says to her agent: “I authorize and order you to punch plain­tiff in the face.” The agent goes to the plaintiff and says: “Our employer has authorized and ordered me to punch you in the face, and I do so on our employer's behalf.” The agent then punches plaintiff in the face. In the second, as alleged in the present case, the employer says to her agent: “Plaintiff is exercising a legal right or is refusing to do an illegal act. In retaliation, I want to fire plaintiff. I authorize and order you to fire plaintiff.” The agent goes to the plaintiff and says: “Our employer has authorized and ordered me to fire you, and I do so on our employer's behalf. You're fired.”

Can it be seriously questioned that the plaintiff in each hypothetical has a tort cause of action against both the principal and the agent jointly and severally? Based on the above-stated principles of agency and tort law, the plaintiff in the first hypothetical may sue both the principal and the agent for the tort of battery, and in the second hypothetical for the tort of retaliatory discharge.

This court applied these principles long ago. In 
Johnson v. Barber
, 10 Ill. 425 (1849), the plaintiff brought a tort action against a principal and his agent. Defendants tendered a jury instruction stating that plaintiff could not recover against both the principal and the agent. According to the instruction, if the agent had acted under the direction of the principal, then the principal alone is liable. If the agent had acted in a manner contrary to the principal's direction, then the principal is not liable and must be acquitted. 
Johnson
, 10 Ill. at 427. The trial court refused the instruction and this court affirmed:

“The seventh instruction was clearly wrong. If the act complained of was illegal, the fact that one of the defendants committed it under the direction of the other, did not shield him from responsibility, but both were equally liable to the party injured, as well the one who did the act as the one who procured it to be done. All concerned in the commission of an unlawful act are responsible for the consequences. Admit the principle asserted by this instruction, and every person charged with the commission of an act prohibited by law could excuse himself by showing that he acted in obedience to the command or under the direction of another. Such a doctrine would be subversive of private rights and detrimental to the public interests.” 
Johnson
, 10 Ill. at 430-31.

As characterized by this court in 
Johnson
, the majority opinion is clearly wrong on this issue as a matter of law. I agree with the observation made in 
Zurek v. Hasten
, 553 F. Supp. 745 (N.D. Ill. 1982), that “it would distort normal tort doctrine, once a cause of action is recognized, to impose liability on a wrongdoer's principal but not on the wrongdoer himself.” 
Zurek
, 553 F. Supp. at 749 (interpreting Illinois law); accord 
Haltek v. Village of Park Forest
, 864 F. Supp. 802, 806 (N.D. Ill. 1994).

II. Public Policy

Also, contrary to the majority (see slip op. at 7-8), I agree with the public policy that holding the “active wrongdoer” liable, in addition to the former employer, promotes the deterrent goal of the tort. 
Fellhauer v. City of Geneva
, 190 Ill. App. 3d 592, 602 (1989), citing 
Zurek
, 553 F. Supp. at 749. As this court observed nearly 150 years ago, to hold otherwise, as the majority does today, would be “detrimental to the public interests.” 
Johnson
, 10 Ill. at 431.

III. Conclusion

For the foregoing reasons, I would hold that a plaintiff may bring a retaliatory discharge action against not only the plaintiff's former employer, but also the employer's agent or employee who actually fired the plaintiff on the employer's behalf. Accordingly, I dissent from part I of the majority opinion.

JUSTICE HARRISON joins in this partial concurrence and partial dissent.