TAYLOR COMPANY, Plaintiff-Appellee, v. WANDA SAARI, Defendant-Appellant.

Second District   No. 2—98—1638

Opinion filed October 19, 1999.

David N. Rechenberg and Michael K. Havrilesko, both of Havrilesko & Rechenberg, P.C., of Rockford, for appellant.

Craig P. Thomas and Suzanne Kiwaiko, both of Reno, Zahm, Folgate, Lindberg & Powell, of Rockford, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Taylor Company, sought a temporary restraining order, a preliminary injunction, and a permanent injunction barring defendant, Wanda Saari, from pursuing a charge of discrimination under the Illinois Human Rights Act (Act) (775 ILCS 5/1—101 *et seq.* (West 1998)). On October 13, 1998, the trial court granted defendant's motion to dismiss (735 ILCS 5/2—615(a), 2—619(a)(1) (West 1998)) but

denied defendant's motion for sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137). On appeal, defendant argues that the trial court abused its discretion when it declined to impose sanctions. We affirm.

Plaintiff employed defendant and her husband, William Saari. Defendant filed a charge of discrimination with the Department of Human Rights (Department) pursuant to section 7A—102(A) of the Act (775 ILCS 5/7A—102(A) (West 1998)). Defendant alleged that because she opposed plaintiff's discrimination against her husband, (1) plaintiff might terminate her employment and (2) two of plaintiff's agents conspired to retaliate against her. See 775 ILCS 5/6—101(A) (West 1998).

■ After an employee files a charge of retaliatory discrimination, the Department must investigate the merits of the claim. 775 ILCS 5/7A—102(C)(1) (West 1998). If the Department's Director concludes that the employee has failed to present substantial evidence of a civil rights violation, the Department dismisses the charge and notifies the employee that he may request a review by the Human Rights Commission (Commission). 775 ILCS 5/7A—102(D)(2)(a) (West 1998). If the Director concludes that there is substantial evidence of a violation and if the parties fail to settle, the Department files a complaint with the Commission. 775 ILCS 5/7A—102(F) (West 1998). Section 7A—102 does not authorize an employer to petition the Department to dismiss a nonmeritorious charge. The employer may not move to dismiss until the Department files a complaint with the Commission. See 775 ILCS 5/8A—102(D)(2) (West 1998).

■ After a charge is filed, the employee or the Department may petition the trial court for temporary relief from the violations or for expedited proceedings. 775 ILCS 5/7A—104 (West 1998). However, section 7A—104 does not authorize the employer to challenge the charge in court. Furthermore, section 8—111(c) of the Act provides in relevant part:

"Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8—111(C) (West 1998).

■ Rule 137 authorizes a trial court to impose sanctions against a party who violates the rule. Rule 137 provides in relevant part:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modifica-

tion, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137.

On appeal, defendant argues that the trial court abused its discretion when it declined to impose sanctions against plaintiff under Rule 137. Defendant claims that plaintiff sought injunctive relief only to delay the Department's investigation and to harass defendant. In response, plaintiff argues that it sought an injunction in good faith because defendant did not sufficiently allege a human rights violation.

■ Plaintiff contends that it sought the injunction because it believes that defendant's subjective fear of retaliation is not actionable. To establish a *prima facie* case of retaliation under the Act, an employee must show that (1) he was engaged in a protected activity, (2) the employer committed an adverse act against him, and (3) a causal nexus existed between the protected activity and the adverse act. *Maye v. Human Rights Comm'n*, 224 Ill. App. 3d 353, 360 (1991). Plaintiff contends that defendant failed to allege that plaintiff committed an adverse act.

Plaintiff further argues that it sought the injunction because it concluded that defendant's conspiracy claim is also frivolous. Plaintiff cites *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12 (1998), in support of its argument. In *Buckner*, the supreme court affirmed the dismissal of a complaint alleging a conspiracy to deny a worker his benefits due under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1998)). *Buckner*, 182 Ill. 2d at 24. The court ruled that a principal and an agent cannot conspire to retaliate against an employee. *Buckner*, 182 Ill. 2d at 24. When seeking the injunction, plaintiff argued that the trial court was similarly authorized to dismiss defendant's conspiracy claim under the Human Rights Act.

However, the Act requires the Department to investigate thoroughly a charge of discrimination before the charge may be dismissed, and an employer may not seek a dismissal of the claim until the Department files a complaint with the Commission. Relying on the limiting phrase of section 8—111(C), "[e]xcept as otherwise provided by law" (775 ILCS 5/8—111(C) (West 1998)), plaintiff attempted to circumvent the Department's investigation by seeking an injunction barring defendant from pursuing her charge. Plaintiff argued that the trial court was authorized to grant the injunction because the Act seeks to protect citizens against unfounded charges of unlawful discrimination. See 775 ILCS 5/1—102(H) (West 1998).

■ The trial court acknowledged that the Act allows an employee to seek a temporary injunction but prohibits the employer from seek-

ing similar equitable relief in the trial court. Nevertheless, the court correctly concluded and plaintiff concedes on appeal that the trial court lacked jurisdiction to grant plaintiff an injunction. However, plaintiff's theory was not so clearly lacking in merit that it warranted the imposition of Rule 137 sanctions. See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 488 (1998). We conclude that the trial court did not abuse its discretion when it declined to award defendant attorney fees under Rule 137. See *Olsen v. Celano*, 234 Ill. App. 3d 1045, 1053 (1992). We reach no decision on the merits of defendant's underlying discrimination claim.

For these reasons, the order of the circuit court of Winnebago County dismissing plaintiff's complaint and denying defendant's motion for sanctions is affirmed.

Affirmed.

BOWMAN, P.J., and HUTCHINSON, J., concur.